```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. CROIX
```

**THE PRUDENTIAL INSURANCE COMPANY** ) **D.C. CV. NO. 2010-087**
**OF AMERICA**,                      )
                                     ) **ACTION FOR INTERPLEADER**
    Plaintiff,   )
                                     )
    v.           )
                                     )
**MARIA T. BENTLEY and STEVEN COOPER,**)
**in his capacity as Administrator**  )
**of the Estate of David S. Bentley,** )
                                     )
    Defendants.  )
_____   )

**ATTORNEYS:**

**Warren B. Cole, Esq.**
**Hunter Cole & Bennett**
St. Croix, U.S. Virgin Islands
*For The Prudential Ins. Co. of America.*

**Mark E. Guglielmi, Esq.**
**Feuerstein & Smith, LLP**
Buffalo, NY and
St. Thomas, VI
*For Maria T. Bentley.*

**Robert A. Waldman, Esq.**
**Hamm Law Firm**
St. Croix, U.S.V.I.
*For Steven Cooper, Administrator*
*of the Est. of David S. Bentley; and*
*For the Estate of David S. Bentley.*

**MEMORANDUM OPINION**

**FINCH, Senior Judge.**

  This matter comes before the Court on an action for interpleader filed by The Prudential Insurance Company of America ("Prudential") seeking a determination as to the proper beneficiary to a variable life insurance policy, Policy No. V1007816 (the "Policy"), issued to

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 2

David Scott Bentley ("David") with a face value in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Death Benefit"). Before the Court is a motion for summary judgment filed by Steven Cooper as the Administrator of the Estate of David S. Bentley ("Cooper" or the "Estate") and Maria Theresa Bentley's ("Maria") opposition thereto. This matter is proceeding on cross-motions for summary judgment by both the Estate and Maria.[1]

Prudential being organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey; Maria being a resident of New York; Cooper being a resident of St. Croix, U.S. Virgin Islands; the Estate having been opened in the Superior Court of the Virgin Islands, Division of St. Croix; and the Policy Death Benefit being in excess of Five Hundred Dollars ($500.00), jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1332, 1335, and 1397.

I.  **FACTS AND PROCEDURAL HISTORY**

On April 3, 1987, Maria and David were married in Buffalo, New York. Three children were born of the marriage.

On November 27, 1998, Prudential issued to David a life insurance Policy with a Death Benefit of Two Hundred Fifty Thousand

---

[1] Also before the Court is Maria's motion for dismissal or summary judgment as to her claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56; the Estate's motion to strike Maria's motion to dismiss or, in the alternative, opposition to Maria's motion for summary judgment; and Maria's opposition to the Estate's cross-motion for summary judgment.

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 3

Dollars ($250,000.00).  Maria, identified in the relevant insurance record as "wife," was designated as the sole beneficiary under the Policy.  (Complaint, Ex. B, Policy at 3.)  No successor beneficiary was named under the Policy.

Then, after sixteen years of marriage, citing "irreconcilable differences" making it "impossible for them to resume or preserve the marriage," Maria and David entered into a Settlement Agreement on May 30, 2003 ("Agreement") which stated in relevant part:

> <u>Retirement and Other Funds</u>:  Husband and Wife waive any interest each has, or might have in one another's retirement and life insurance.

(*Id.*, Ex. E, Agreement at 1, 13 (underline in original).)  Shortly thereafter, on June 16, 2003, Maria and David divorced.

On October 29, 2009, David, who was then married to T.H.,[2] died in an airplane crash on the island of St. Croix, U.S. Virgin Islands.  (*Id.*, Ex. C, Certificate of Death.)  David died intestate.

On or about December 9, 2009, Maria filed a Life Insurance Death Benefits Claim Form ("Maria's Claim") with Prudential as the beneficiary under the Policy.  Then, on or about May 17, 2010, Cooper filed a Life Insurance Death Benefits Claim Form ("Estate's Claim") with Prudential as the administrator of David's estate.  Prudential, faced with two adverse claims against David's Death Benefit, filed the instant action for interpleader pursuant to 28 U.S.C. §§ 1335,

---

[2] The name of David's wife at the time of his death is not relevant to this discussion, hence the use of her initials only.

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 4

1397, and 2361 with respect to the rights and obligations of the above-captioned parties under the Policy.

Following the parties' Joint Motion for Entry of Consent Order dated October 7, 2010 and the Court's Consent Order for Interpleader, Prudential deposited $250,000.00, together with $7,458.25 in accrued interest thereon, with the Clerk of the Court to be deposited into the Registry of this Court. (Prudential's Notice of Deposit, Electronic Court File "ECF" No. 9.) Each party agreed to release, remise and forever disclaim all claims, rights, interests and actions that it might otherwise have held against Prudential with respect to the Policy and/or the Death Benefit. (Consent Order for Interpleader dated October 20, 2010, ECF No. 8.)

In its motion for summary judgment, the gravamen of the Estate's argument is that Maria contractually waived any interest in David's life insurance. Therefore, the Estate is the beneficiary of the Policy and entitled to receive the Death Benefit to pay any valid creditor's claims and to distribute to David's lawful heirs. The main evidence relied upon by the Estate is the language of the Settlement Agreement.

Maria argues that the absence of David's modification of the Policy, "[s]ix years after their divorce, and eleven years after he took out the life insurance policy at issue," is evidence of his intent to keep her as the beneficiary despite the waiver in the

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 5

Agreement,[3] and rebuts any presumption that the designation was revoked upon the dissolution of the parties' marriage. (*Id.*, Affidavit of Mark E. Guglielmi, Esq. at 2, ¶ 15.) Maria posits that although she "executed a general release within the settlement agreement in regard to insurance proceeds, she by no means expressly waived her interests as a *specifically designated beneficiary* to a future policy payout." (*Id.* at 6 (emphasis in original).) Therefore, unless there was specific language in the settlement agreement revoking the beneficiary designation, as the named beneficiary she is entitled to the proceeds. (*Id.*) Maria further proffers, as an "uncontroverted fact," that David "renewed his policy on a yearly basis, thus reaffirming his beneficiary designation at least six times after the divorce." (*Id.*, Maria's Statement of Uncontroverted Facts at 2, ¶ 6.)

The Estate argues in its reply in opposition to Maria's motion for summary judgment that:

> 1) Maria "knowingly and voluntarily executed a valid and binding Settlement Agreement in which she explicitly waived any interest she had or might have in her former husband's life insurance . . . . [and that] waiver was incorporated into the Final Decree of Divorce;"
>
> 2) there have been no amendment to the Final Decree of Divorce and no amendment to the Agreement affecting Maria's waiver of her interest in David's life insurance;
>
> 3) if Maria did not intend to waive her interest in the Death Benefit proceeds, she could have excluded such

---

[3] (Mem. of Law in Supp. of Def. Maria Bentley at 2.)

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 6

>proceeds from the contractual waiver;
>
>4) by her own admission, Maria admits on page six (6) of her memoranda of law that she executed a release "in regard to insurance proceeds;"
>
>5) although her name was not removed from the Policy, Maria is bound by the contractual waiver to renounce any interest in the Death Benefit;
>
>6) even without the contractual waiver, Maria would not be entitled to the Death Benefit under Virgin Islands common law, RESTATEMENT (THIRD) OF PROPERTY § 4.1, because Maria's designation as beneficiary was revoked upon dissolution of her marriage to David;
>
>7) David took no action which would overcome the legal presumption of revocation which resulted from the divorce;
>
>8) Maria misreads the rebuttable presumption language in Section 4.1, comment o, because the presumption can only be rebutted if it is "provided otherwise in express terms of the will, a court order, or a contract relating to the division of the marital estate made between the testator and the former spouse before or after marriage, divorce, or annulment," and there has been no will, court order or contract which rebuts the presumption; and
>
>9) Maria relies upon Section 2-804(b) of the Uniform Probate Code ("UPC") in support of her claim that the presumption of revocation has been rebutted, but the UPC has not been implemented in the Virgin Islands and even if it did apply here, it does not provide for rebuttal of the presumption here.

(Reply to Opp'n to Mot. for Summ. J., (ECF Nos. 22, 23) at 2-5.)

Then, in response to the Estate's reply to Maria's opposition to the motion for summary judgment and its opposition to her cross-motion for summary judgment, Maria alleges in pertinent part that:

>1) the June 2003 decree of divorce "was incorporated into[,] but did not merge with a previously executed settlement agreement;"

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 7

> 2) although the Agreement contained a general waiver of interest in each other's retirement and insurance, it does not foreclose her right to receive proceeds of any policy for which she is "conclusively named as beneficiary on, such as the death benefit proceeds in question;"
>
> 3) David never changed her as the beneficiary because it was his desire to provide for their three (3) children; and
>
> 4) David informed her "on numerous occasions" that she "remained the beneficiary on the policy, thus consistently reaffirming his beneficiary designation after the divorce and his desire to provide for his children."

(Reply to the Estate's Opp'n to Cross-Mot. for Summ. J., Maria's Affidavit at 2.)

## II. DISCUSSION

### A. Applicable Legal Standards

#### 1. Interpleader

Federal Rules of Civil Procedure, Rule 22 provides in pertinent part that "persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Fed. R. Civ. P. 22(a)(1). "[I]nterpleader allows a stakeholder who 'admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings.' " *Prudential Ins. Co. of Am. v. Hovis,* 553 F.3d 258, 262 (3d Cir. 2009) (alteration in original) (quoting *Metro. Life Ins. Co. v. Price,* 501 F.3d 271, 275 (3d Cir. 2007)). "The result is that

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 8

'[t]he competing claimants are left to litigate between themselves,' while the stakeholder is discharged from any further liability with respect to the subject of the dispute." *Id*.

### 2. Summary Judgment

Summary judgment is appropriate if, after drawing all reasonable inferences in favor of the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A party moving for summary judgment bears the initial burden of showing there is no genuine issue of material fact, but once this burden is met under Rule 56(c), the burden shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party opposing summary judgment may not rest upon mere allegations, general denials, or vague statements in its pleading, but must counter with evidence that demonstrates a genuine issue of fact. Fed. R. Civ. P. 56(e); *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001); *Big Apple BMW, Inc.*, 974 F.2d 1358, 1362-63 (3d

Cir. 1992). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. In other words, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### 3. Motion to Dismiss

On a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Dagostar v. St. Croix Financial Center, Inc.*, No. 10-028, 2011 WL 4383424, at *2 (D.V.I. Sept. 20, 2011); *Thomas v. Rijos*, --- F. Supp. 2d ----, 2011 WL 1637471, at *2 (D.V.I. April 29, 2011) (citing *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

A district court may grant a motion to dismiss only if,

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 10

accepting all factual allegations in the complaint as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229-30 (3d Cir. 2010); *Thomas*, 2011 WL 1637471 at *2 (quoting *Acosta*, 53 V.I. at 770). As the Court of Appeals for the Third Circuit ("Court of Appeals") states in *Mayer*:

> In order to withstand a motion to dismiss, "a complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." On the contrary, a court is not required to accept legal conclusions alleged in the complaint. The pleading must contain sufficient factual allegations so as to state a facially plausible claim for relief. A claim possesses such plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.

*Mayer*, 605 F.3d at 229-30 (3d Cir. 2010) (internal citations omitted). "A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.'" *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *Burlington Coat Factory*, 114 F.3d at 1426). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 11

521, 531 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, __U.S.__, 129 S. Ct. 1937, 1950 (2009)).

**B. Analysis**

**1. Procedural Hurdles**

As a preliminary matter, Maria argues on procedural grounds that the Estate's motion for summary judgment should be dismissed for failure to conform with Local Rules of Civil Procedure, Rule 56.1(a)(1), in that it does not contain the required statement of material facts. (Mem. of Law in Supp. of Def. Maria Bentley at 2-3.) The Court does not find a violation of LRCiP 56.1(a)(1) sufficient to warrant dismissal of the motion.[4]

Maria also moves to dismiss the Estate's motion for summary judgment pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Estate moves to strike Maria's motion as untimely. Rule 12(b)(6) provides in pertinent part that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). The Estate is correct that Maria's motion to dismiss was filed after pleading, and her 12(b)(6) motion to dismiss is, therefore, untimely. As such, the Court will strike the only the portion of ECF Nos. 23 and 24 (Memorandum of Law in Support of

---

[4] The Estate did not comply with the technical filing requirements of LRCi 56.1, but the Court will, in this instance, allow the non-conforming motion insofar as the intent of the rule has been satisfied. This determination is case specific and further violations of the rules of this Court may be strictly enforced.

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 12

Defendant Maria Bentley) relating to Maria's motion to dismiss as untimely. In all other respects, the Court will consider Maria's motion for summary judgment which is also included as part of ECF Nos. 23 and 24.

**2. Substantive Issues**

Maria and David's Agreement stated in relevant part:

> Retirement and Other Funds: Husband and Wife waive any interest each has, or might have in one another's retirement and life insurance.

(Complaint, Ex. E, Agreement at 1, 13 ¶ 17(c) (underline in original).) The issue before this Court is the interpretation, as a matter of law, of the above-quoted provision of the divorce decree.[5]

This Court must construe provisions of divorce judgments by applying the rules for construction of contracts.[6] In so doing, this Court must apply the substantive law of the U.S. Virgin Islands in this matter. As the Court of Appeals noted in *Manhattan Life Ins. Co. of New York v. Evanek*:

> A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits. State law includes authoritative pronouncements of the highest court of the state. In the absence of a

---

[5] The June 16, 2003 Final Decree of Divorce ordered that "the 'Settlement Agreement', entered into by the parties, which is incorporated herein by reference and shall have full force and effect as an order of this Court . . . ." (Complaint, Ex.D, Final Decree of Divorce at 2.)

[6] *See generally In re Estate of Bresler*, 159 Ill.App.3d 535, 539 (1st Dist. 1987) (holding that Courts are to construe provisions of divorce judgments by applying the rules for construction of contracts).

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 13

> Pennsylvania Supreme Court decision directly on point, we must predict how that court would decide the issue. "Decisions of intermediate appellate courts of the state, while not conclusive, are 'indicia of how the state's highest court might decide' the issue." Such decisions in appropriate circumstances, may constitute presumptive evidence of state law.

762 F.2d 319 (3d Cir. 1985) (internal citations omitted).

The Estate argues, pursuant to V.I. CODE ANN. tit. 1, § 4,[7] that the RESTATEMENT (THIRD) OF PROPERTY applies in the instant matter. Section 4.1 which applies to the revocation of wills provides that:

> (a) A testator may revoke his or her will in whole or in part by subsequent will or by revocatory act.
>
> (b) The dissolution of the testator's marriage is a change in circumstance that presumptively revokes any provision in the testator's will in favor of his or her former spouse. Neither marriage nor marriage followed by birth of issue is a change in circumstance that revokes a will or any part of a will.

RESTATEMENT (THIRD) OF PROPERTY: WILLS AND OTHER DONATIVE TRANSFERS § 4.1 (1999) (Wills and other Donative Transfers). Comment o on Subsection (b) provides in relevant part:

> *o. Revocation because of dissolution of the marriage.* The **dissolution of the testator's marriage, including divorce or annulment, is a change in circumstance that presumptively revokes any provision in the testator's will in favor of his or her former spouse.** The term "provision in the testator's will in favor of his or her former spouse" not only encompasses a dispositive provision in favor of the former spouse, but also a provision

---

[7] "In instances where there is no Virgin Islands law on a topic, courts must first turn to Restatements of Law, as adopted by the American Law Institute. Where the Restatements do not provide guidance, then the common law as generally understood in the United States applies." *In re Tutu Water Wells Contamination Litig.*, 78 F. Supp. 2d 456, 465 (D.V.I. 1999); 1 V.I.C. § 4.

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 14

>    nominating the former spouse to act in any fiduciary or representative capacity (such as personal representative, executor, trustee, conservator, agent, or guardian), a provision conferring a general or nongeneral power of appointment on the former spouse, and other provision of similar import.
>
>    **The presumption is rebuttable . . . . [and it] is rebutted if it is provided otherwise in the express terms of the will, a court order, or a contract relating to the division of the marital estate** made between the testator and the former spouse before or after the marriage, divorce, or annulment.
>
>    Most revocation statutes . . . limit the scope of the revocation to provisions in favor of the *former spouse*. Under Revised UPC § 2-804, dissolution of the testator's marriage also revokes any provision in the testator's will in favor of a relative of the former spouse who, after the dissolution, is no longer related to the testator by blood, adoption, or affinity.
>
>    The revoked provisions pass as if the former spouse—and, under the Revised UPC, relatives of the former spouse—predeceased the testator. (The mechanism used in the Revised UPC is to give effect to any revoked provision as if the former spouse or relative of the former spouse disclaimed.)

RESTATEMENT (THIRD) OF PROPERTY § 4.1, cmt. o (italics in original, boldface emphasis supplied). Although David died intestate, Comment p further explains that Section 4.1 applies to "will substitutes":

>    *Application to will substitutes.* **The principles of Comment o also apply to a donative transfer in the form of a will substitute, such as a revocable trust or a life-insurance-beneficiary designation** . . . . Any revocable provision in favor of the former spouse or relative of the former spouse in a will substitute is revoked upon dissolution of the marriage.

RESTATEMENT (THIRD) OF PROPERTY § 4.1, cmt. p (emphasis supplied).

The Estate argues that the Agreement represents a clear and

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 15

enforceable contractual waiver of any interest Maria had or might have in David's life insurance Death Benefit. The Estate further argues that although the presumption of revocation of Maria as beneficiary upon dissolution of the marriage is rebuttable, Maria has not rebutted that presumption by demonstrating that David's intention to revoke the waiver was in the express terms of a will, a court order, or a contract relating to the division of the marital estate as required by Restatement (Third) of Property § 4.1, cmt. o.

Maria argues, on the other hand, that David could have changed the Policy if he so desired when he "renewed" the policy yearly. Instead, he chose to leave her as the beneficiary, and informed her on numerous occasions that she remained the beneficiary on the Policy, thereby rebutting any presumption of revocation.

The Court did not find any cases on point in the Virgin Islands of the United States, nor did the parties cite any. However, looking at a similar case within this circuit, the Court is guided by the analysis in *Evanek* where the husband died in 1983 leaving a life insurance policy issued in 1974 by The Manhattan Life Insurance Company of New York ("Manhattan"). *Evanek*, 762 F.2d 319. The named beneficiary on the policy was his wife at the time the policy was issued, but from whom he divorced in 1977 ("wife 1"). The language of the settlement agreement which was incorporated into the divorce decree between the husband and wife 1 provided as follows:

> [T]he wife hereby releases and acquits the [h]usband and

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 16

> his estate of and from any and all other claims, liabilities, obligations, dower and other rights to which she may be entitled under the Laws of the Commonwealth of Pennsylvania . . . .

The husband then married wife 2, but never changed the beneficiary on his life insurance policy from wife 1 prior to his death. An action for interpleader arose when both wife 1 and wife 2 claimed the proceeds of the husband's life insurance policy. The District Court ruled in favor of wife 1 on a motion for summary judgment. The Court of Appeals examined the language of the settlement agreement under Pennsylvania law and found that, because the language at issue did not expressly mention life insurance, it was so general that it did not satisfy the explicit waiver requirement. That is, it did not mention anything about rights to the proceeds of a life insurance policy. Thus, the Court affirmed the District Court's ruling in favor of wife 1.

In this case, there is essentially the same fact pattern as *Evanek*, but the language of the Agreement states that "Husband and Wife waive any interest each has, or might have in one another's retirement and life insurance." (Complaint, Ex. E, Agreement at 1, 13 ¶ 17(c)). The pivotal difference between *Evanek* and the instant matter is that David and Maria's Agreement expressly mentions a waiver of life insurance.

The language in a contract is ambiguous if it is read in the context of an entire agreement and is still susceptible to more than

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 17

one meaning. *Coakley Bay Condominium Ass'n v. Continental Ins. Co.*, 770 F.Supp. 1046, 1050-51 (D.V.I. 1991). The Supreme Court of the Virgin Islands noted in a recent opinion that "[o]rdinarily, when the terms of a contract are unambiguous, the Superior Court treats the issue of the meaning of those terms as a question of law, but if the terms are ambiguous, the issue of the meaning of the terms becomes a question of fact." *United Corp. v. Tutu Park Ltd.*, S.Ct. Civ. No. 2010-0083, 2011 WL 4017711 (S.Ct. Sept. 7, 2011). Here, neither the Estate nor Maria claims that the Agreement at issue is ambiguous.[8]

Instead, Maria argues not only that David chose not to change her as the beneficiary of the Death Benefit, but also that David informed her "on numerous occasions" that she "remained the beneficiary on the policy," thereby reaffirming his beneficiary designation after the divorce. (Reply to the Estate's Opp'n to Cross-Mot. for Summ. J., Maria's Affidavit at 2.)

A party moving for summary judgment bears the initial burden of showing there is no genuine issue of material fact. The Court, having duly examined the language of Maria and David's Agreement and the extrinsic evidence presented, finds, as a matter of law, that the relevant language of the Agreement is unambiguous and acts as an explicit waiver of any interest Maria had or might have in David's

---

[8] "The interpretation of an unambiguous contract is a matter of law and may be appropriately disposed of upon motion for summary judgment." *D.E.W., Inc. v. Local 93, Laborers, Intern. Union*, 957 F.2d 196, 199 (5th Cir. 1992).

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 18

life insurance. (*See* Complaint, Ex. E, Agreement at 1, 13 ¶ 17(c).) The Court further finds as matter of law that Maria's waiver of her interest in David's life insurance was explicit, and her designation as beneficiary was presumptively revoked upon dissolution of the marriage. *See* RESTATEMENT (THIRD) OF PROPERTY § 4.1 cmt. o (1999). However, the Court's analysis does not end here.

Once the moving party has met its burden under Rule 56(c), the burden shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). The Court must then examine, as a matter of law, whether the presumption that Maria was no longer the beneficiary of the Policy was revoked by the express terms of a will, a court order, or a contract relating to the division of the marital estate made between the David and Maria before or after their marriage or divorce. *See* RESTATEMENT (THIRD) OF PROPERTY § 4.1, cmt. o (1999). This, Maria has not done.

First, it is undisputed that David died intestate. Therefore, there was no revocation based on the express terms of a will. Second, there has been no evidence presented of a court order altering the terms of the divorce decree, and none of the parties have alleged the existence of such an order. Third, there has been no evidence presented to indicate to the Court that a "contract" existed between David and Maria relating to the marital estate or life insurance which would rebut the presumption of revocation.

*Prudential v. Bentley, et al.*
D.C. CV. NO. 2010-087
Order
Page 19

Therefore, the Court finds, purely as a matter of law, that there was a valid presumption of revocation and Maria has failed to meet her burden of rebutting that presumption.  Accordingly, the Court will grant the Estate's motion for summary judgment.

**III. CONCLUSION**

For the reasons more fully set forth above, the Estate's motion for summary judgment is granted, and all remaining cross-motions for summary judgment are denied as moot.  An appropriate order follows.

**DATED** this <u>7</u> day of October 2011.

**E N T E R:**

/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**